IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOSE OLIVEIRA-COUTINHO, Plaintiff, v. SCOTT FRAKES, Director of Nebraska Dept. of Correctional Services, sued in individual & official capacities, BRIAN GAGE, Warden of Tecumseh State Correctional Institution, sued in individual & official capacities, and PATTI HUGHES, Legal Coordinator (TSCI Librarian) for Tecumseh State Correctional Institution, sued in individual & official capacities, Defendants. | ) | 4:15CV3159 **MEMORANDUM AND ORDER** |

On June 1, 2016, and after initial review of Plaintiff's Complaint, the court ordered that "[t]his case may proceed to service of process as to Plaintiff's access-to-the-courts claim for money damages against defendants Scott Frakes, Brian Gage, and Patti Hughes in their individual capacities, and against the same defendants in their official capacities for prospective injunctive relief only." (Filing No. 14 at CM/ECF p. 6.) Because service needed to be made upon each of the three defendants in *both* their individual and official capacities pursuant to Fed. R. Civ. P. 4(e) and 4(j), the court ordered the clerk of the court to send Plaintiff six summons forms, six USM 285 forms, and copies of the Complaint and the Memorandum and Order on initial review. (Filing No. 14 at CM/ECF p. 8.) Further, the court explained that in order for the United States Marshal to serve process in this case without payment of fees, Plaintiff must complete the forms and send them back to the clerk of the court, who would then forward them to the Marshal for service. Plaintiff was given 120 days to do so.

Plaintiff was then granted a 30-day extension of time—until November 3, 2016—in which to complete service of process. (Filing No. 16.) On November 7, 2016, Plaintiff had not yet completed service of process, but he filed several motions: Motion for Leave to File an Amended Complaint (Filing No. 17), Motion for Clarification (Filing No. 18), Motion to Serve Summons and Complaint Upon All Defendants Via U.S. Marshal Service (Filing No. 19), and Motion for Temporary Restraining Order and Preliminary Injunction (Filing No. 20).

## A. Motion to File Amended Complaint

Rule 15 of the Federal Rules of Civil Procedure provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The applicable standard is summarized in *Foman v. Davis*, 371 U.S. 178, 182 (1962), which states:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claims on the merits. In the absence of any apparent reason—such as undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Id*. In addition, Nebraska Civil Rule 15.1 provides that "[a] party who moves for leave to amend a pleading (including a request to add parties) must file as an attachment to the motion an unsigned copy of the proposed amended pleading that clearly identifies the proposed amendments." NECivR 15.1(a). In pro se cases, the court may consider an amended pleading as supplemental to the original pleading. NECivR 15.1(b).

Plaintiff has attached his proposed Amended Complaint (Filing No. 17-1) to his Motion for Leave to File an Amended Complaint (Filing No. 17). The motion

indicates that Plaintiff seeks to add as parties (in their individual and official capacities) Brad Hansen, the new warden of the Tecumseh State Correctional Institution ("TSCI"), as well as Scott Busboom, Deputy Warden of TSCI, and April Bulling-June, Associate Warden of TSCI, who have—since the filing of this lawsuit—both been "given the authority and . . . discretion to implement and enact rules and policies" that involve access to the prison library. Plaintiff's Amended Complaint appears to assert the same access-to-the-courts claim as his initial Complaint, but includes several additional interview request forms dated August 2016 from Plaintiff to the proposed new defendants (Filing No. 17-1 at CM/ECF pp. 25-39).

Because the defendants have yet to be served, none of them will suffer undue prejudice by allowing the filing of the Amended Complaint. Further, the facts that a new warden of TSCI was appointed and that Plaintiff realized after the filing of his initial Complaint that two more defendants had the authority to enact and implement law-library policy do not suggest Plaintiff's Motion for Leave to File an Amended Complaint is based on bad faith or a dilatory motive. Therefore, the court shall grant Plaintiff's motion.

**B. Motion for Clarification**

Plaintiff's Motion for Clarification (Filing No. 18) asks why the court ordered the clerk of court to mail Plaintiff six summons and USM 285 forms when there were only three defendants named in the original Complaint. Plaintiff's Motion also states that he did not receive the summons forms.

As explained above and in the court's previous Memorandum and Order on initial review (Filing No. 14), service must be made upon each defendant in *both* their individual and official capacities pursuant to Fed. R. Civ. P. 4(e) and 4(j). Therefore, six forms are needed for three defendants. As to the allegedly missing summons forms, the docket sheet in this case indicates that the clerk of the court has already

remedied the situation by re-mailing six summons forms to Plaintiff. (*See* Docket Sheet Entry for Filing No. 18.)

**C. Motion to Have U.S. Marshal Serve Defendants**

Plaintiff's Motion to Serve Summons and Complaint Upon All Defendants Via U.S. Marshal Service (Filing No. 19) asks how Plaintiff can contact the U.S. Marshal for purposes of service. As noted in the court's previous Memorandum and Order on initial review (Filing No. 14), to enable the U.S. Marshal to effect service, Plaintiff "must complete the USM 285 forms to be submitted to the clerk of the court with the completed summons forms. Without these documents, the United States Marshal will not serve process. Upon receipt of the completed forms, the clerk of the court will sign the summons forms and forward them to the United States Marshal for service on the defendants, together with a copy of the Complaint. In the event Plaintiff asks the United States Marshal to serve process, the clerk of the court will make copies of the Complaint for service on the defendants." Plaintiff need not contact the U.S. Marshal directly.

Plaintiff's Motion also notes that he is unable to obtain personal addresses for the defendants in order to serve them in their individual capacities. The court will outline a service procedure that addresses Plaintiff's concern in the "IT IS ORDERED" portion of this document below.

**D. Motion for TRO and Preliminary Injunction**

Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (Filing No. 20) simply restates and summarizes his access-to-the-courts claim contained in his Complaint and Amended Complaint, except that Plaintiff wants the issue resolved "immediately."

The standards set forth by *Dataphase Sys., Inc. v. C.L. Sys., Inc.*, 640 F.2d 109 (8th Cir. 1981), apply to Plaintiff's motion. In *Dataphase*, the court, sitting *en banc*, clarified the factors district courts should consider when determining whether to grant a motion for preliminary injunctive relief: (1) the threat of irreparable harm to the movant; (2) the balance between that harm and the injury that granting the injunction will inflict on the other interested parties; (3) the probability the movant will succeed on the merits; and (4) whether the injunction is in the public interest. *Id.* at 114.

"No single factor in itself is dispositive; rather, each factor must be considered to determine whether the balance of equities weighs toward granting the injunction." *United Indus. Corp. v. Clorox Co.*, 140 F.3d 1175, 1179 (8th Cir. 1998). "At base, the question is whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined. . . ." *Dataphase*, 640 F.2d at 113.

Here, the court finds that the *Dataphase* factors do not favor Plaintiff to a degree sufficient to warrant issuance of preliminary injunctive relief. Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction and Declaration in support (Filing No. 21) do not set forth any argument or evidence showing any probability that he will succeed on the merits of the Complaint and Amended Complaint.[1] Furthermore, Plaintiff has not filed an affidavit or verified complaint clearly showing "that immediate and irreparable injury, loss, or damage will result to

[1]Plaintiff mainly requests legal books and computerized legal-research programs written in Portuguese and "specialized legal assistance and evaluation." (Filing No. 21 at CM/ECF pp. 8.) Plaintiff has not established that he will probably succeed on the merits. *See* *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) ("the Colorado Department of Corrections is under no duty to provide access to legal materials in a prisoner's preferred language); *Mendoza v. Carey*, 449 F.3d 1065, 1070 n.5 (9th Cir. 2006) ("we announce no rule affirmatively requiring that prisons provide legal materials in Spanish").

the movant before the adverse party can be heard in opposition," Fed. R. Civ. P. 65(b), as he is required to do when requesting injunctive relief without notice to the defendants. In light of this, and in consideration of all of the factors, the court sees no reason to "intervene to preserve the status quo until the merits are determined . . . ." *Dataphase*, 640 F.2d at 113.

Therefore, Plaintiff's motion for injunctive relief will be denied.

IT IS ORDERED:

1. Plaintiff's Motion for Leave to File an Amended Complaint (Filing No. 17) is granted, and Plaintiff's Amended Complaint (Filing No. 17-1) shall be considered filed and supplemental to Plaintiff's original Complaint, as allowed by NECivR 15.1(b).

2. The clerk of the court is directed to update the court's records to reflect the addition of the following new defendants who have been added to this case by virtue of Plaintiff's Amended Complaint (Filing No. 17-1)—Brad Hansen, Warden of Tecumseh State Correctional Institution, in his individual and official capacities; Scott Busboom, Deputy Warden of Tecumseh State Correctional Institution, in his individual and official capacities; and April Bulling-June, Associate Warden of Tecumseh State Correctional Institution, in her individual and official capacities.

3. Plaintiff's Motion for Clarification (Filing No. 18) is granted, and such clarification is provided above.

4. This case may proceed to service of process as to Plaintiff's access-to-the-courts claim for money damages against defendants Frakes, Gage, Hughes, Hansen, Busboom, and Bulling-June in their individual capacities, and against the same defendants in their official capacities for prospective injunctive relief only.

5. Plaintiff's Motion to Serve Summons and Complaint Upon All Defendants Via U.S. Marshal Service (Filing No. 19) is granted, and the following procedure shall be used:

> (i) Because Plaintiff has indicated that he is unable to obtain the personal addresses of all of the defendants in order to serve them in their individual capacities, the clerk of court is directed to obtain the last-known addresses for defendants Frakes, Gage, Hughes, Hansen, Busboom, and Bulling-June from the United States Marshals Service for service of process on each defendant in their individual capacity;
>
> (ii) Upon obtaining the necessary addresses, the clerk of court is directed to complete and issue six (6) summonses for defendants Frakes, Gage, Hughes, Hansen, Busboom, and Bulling-June in their *individual* capacities at the addresses provided by the Marshals Service. The clerk of the court is further directed to deliver these summonses, along with six (6) more summonses for service upon each defendant in their *official* capacities; twelve (12) USM-285 forms; the original Complaint (Filing No. 1); the Amended Complaint (Filing No. 17-1); a copy of this order; a copy of the order granting Plaintiff's motion for leave to proceed in forma pauperis (Filing No. 6); and a copy of this court's Memorandum and Order on initial review (Filing No. 14) to the Marshals Service for service of process on all six (6) defendants in their individual *and* official capacities. (*See* attached Notice Regarding Service.)

6. The clerk of the court is directed to file under seal any document containing the last-known personal addresses for the defendants.

7. Federal Rule of Civil Procedure 4(m) requires service of the complaint on a defendant within 90 days of filing the complaint. However, Plaintiff is granted, on the court's own motion, an extension of time until 120 days from the date of this order to complete service of process. The clerk of the court is directed to set the following pro se case management deadline: March 23, 2017: check for completion of service of process.

8. Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (Filing No. 20) is denied.

DATED this 22nd day of November, 2016.

BY THE COURT:
s/ *Richard G. Kopf*
Senior United States District Judge

**Notice Regarding Federal Rule of Civil Procedure 4**

Federal Rule of Civil Procedure 4 requires that a defendant be served with the complaint and a summons. This is to make sure that the parties you are suing have notice of the lawsuit. Federal Rule of Civil Procedure 4(e) governs service of process on an individual (*i.e.*, your individual capacity claims). Federal Rule of Civil Procedure 4(j) governs service of process on a state (*i.e.*, your official capacity claims).

In this case, Rule 4(e) and (j) mean copies of the summons and complaint must be served on: (1) the defendants individually; and also (2) the Nebraska Attorney General's Office or the chief executive officer for the State of Nebraska.

You may ask the United States Marshal to serve process, as described in the court's order, because you are proceeding in forma pauperis.