IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

JOSE OLIVEIRA-COUTINHO, )
) 4:15CV3159
Plaintiff, )
)
v. ) **MEMORANDUM**
) **AND ORDER**
SCOTT FRAKES, et al., )
)
Defendants. )
)

*Defendants' Motions*

This matter is before the court on Defendants' Motion for Extension of Time to Respond to Motion for Discovery (Filing No. 50) and Motion to Stay Discovery and Further Proceedings (Filing No. 51). Defendants' first motion requests an additional seven days to file their response to Plaintiff's Interrogatories and Requests for Admissions (Filing No. 47) due to the Department of Correctional Services' delay in gathering and sending to counsel the voluminous discovery materials requested by Plaintiff. Defendants' second motion requests a stay of further discovery because Defendants intend to file a summary judgment motion on the issue of qualified immunity no later than August 28, 2017.

The doctrine of qualified immunity is designed to protect state actors from monetary damages and the costs associated with litigation, such as discovery. *Harlow v. Fitzgerald*, 457 U.S. 800, 817-18 (1982). Qualified immunity is "an *immunity from suit* rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (emphasis in original). Thus, where qualified immunity is asserted as a defense, it is within the discretion of the court to stay discovery until the issue of qualified immunity is resolved. *See Ballard v. Heineman*, 548 F.3d 1132, 1136-37 (8th Cir. 2008).

## *Plaintiff's Motion*

Plaintiff has filed a Motion for the Appointment of Counsel (Filing No. 45), which will be denied.

This case is still in its early stages, and it is not clear that Plaintiff and the court will benefit from the appointment of counsel at this point. The facts underlying Plaintiff's claims are not complex, nor are the legal arguments regarding those claims. Further, while Plaintiff contends he has a language barrier preventing him from litigating his case, the court notes that Plaintiff has been able to file several clear and well-written pleadings, motions, declarations, and briefs with the court, indicating his basic ability to present his claims. Thus, Plaintiff's request for the appointment of counsel will be denied without prejudice to reassertion. *See Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006) (there is no constitutional or statutory right to appointed counsel in civil cases, and 28 U.S.C. § 1915(e) says court "may" appoint counsel; "relevant criteria for determining whether counsel should be appointed include the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments"); *Ward v. Smith*, 721 F.3d 940, 943 (8th Cir. 2013) (district court did not abuse its "considerable discretion" in denying inmate's motion for appointment of counsel in § 1983 action against correctional officers and nurse for excessive force and deliberate indifference to serious medical need; neither underlying facts nor legal arguments were so complex as to require appointment of counsel, and defendant's well-written filings with court indicated his basic ability to state claims); *Trotter v. Lawson*, 636 F. App'x 371, 373 (8th Cir. 2016) (unpublished) (appointed counsel may not be warranted early in proceedings and when it is not clear that plaintiff has difficulty in obtaining and presenting admissible evidence and lacks skills to present case to jury); *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996) ("Indigent civil litigants do not have a constitutional or statutory right to appointed counsel. The trial court has broad discretion to decide

whether both the plaintiff and the court will benefit from the appointment of counsel[.]" (internal citation and quotation marks omitted)).

IT IS THEREFORE ORDERED that:

1. Defendants' Motion for Extension of Time to Respond to Motion for Discovery (Filing No. 50) is GRANTED, and Defendants shall submit their responses and objections to Plaintiff's Interrogatories and Requests for Admissions (Filing No. 47) on or before August 11, 2017.

2. Defendants' Motion to Stay Discovery and Further Proceedings (Filing No. 51) is GRANTED. Discovery is stayed until further order of the court. This means that Defendants are not required to respond to any further discovery requests, and Plaintiff is not authorized to serve any additional discovery requests, unless and until the court enters an order lifting the stay.

3. Plaintiff is not prohibited from filing a properly supported motion to obtain court approval to conduct limited discovery regarding issues raised by Defendants once they file their anticipated summary judgment motion. *See* Federal Rule of Civil Procedure 56(d).

4. Plaintiff's Motion for the Appointment of Counsel (Filing No. 45) is DENIED.

DATED this 7th day of August, 2017.

BY THE COURT:<br>
s/ *Richard G. Kopf*<br>
Senior United States District Judge