IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOSE OLIVEIRA-COUTINHO, | ) | |
| | ) | |
| Plaintiff, | ) | 4:15CV3159 |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM** |
| SCOTT FRAKES, et al., | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

Plaintiff has filed two motions: a Motion for Default Judgment (Filing No. 59) and a Motion for Extension of Time (Filing No. 66) in which to respond to Defendants' Motion for Summary Judgment (Filing No. 63).

## Motion for Default Judgment

In his Motion for Default Judgment, Plaintiff argues that he is entitled to judgment because the defendants filed their Motion for Summary Judgment later than they promised in two Motions to Extend Stay of Discovery (Filing No. 51 (stating that Defendants "will file their motion for summary judgment no later than August 28, 2017"); Filing No. 57 (asking that stay of discovery be extended to September 5, 2017, to allow "Defendants to finalize their motion for summary judgment" and to "file their motion for summary judgment")). In ruling on these motions, the court addressed what the motions requested—that is, requests to *stay discovery*, not the due date for the anticipated motion for summary judgment.

Defendants' Motion for Summary Judgment was filed before the deadline for filing dispositive motions set by the Order Setting Schedule for Progression of Case (Filing No. 38), and the filing of Defendants' Motion for Summary Judgment on September 27, 2017, did not violate any order of the court. The Motion for Summary Judgment is not untimely, and even if it were, Plaintiff would not be entitled to a

default judgment on that basis alone. *Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996) ("Default judgment for failure to defend is appropriate when the party's conduct includes willful violations of court rules, contumacious conduct, or intentional delays. On the other hand, default judgment is not an appropriate sanction for a marginal failure to comply with time requirements.") (internal citation and quotation marks omitted); *Forsythe v. Hales*, 255 F.3d 487, 490 (8th Cir. 2001) (same); *Azike v. E-Loan, Inc.*, No. 8:09CV37, 2009 WL 1664072, at *2 (D. Neb. June 11, 2009) ("Default judgments . . . are not favored by the law. The sanction of default judgment should not be used to punish marginal failure[s] to comply with time requirements.") (internal citation and quotation marks omitted).

### Motion for Extension of Time

Plaintiff requests 45 additional days in which to respond to Defendants' Motion for Summary Judgment because he is only allowed three hours per week in the prison's law library and because, due to language barriers, he must get help from other inmates in order to complete his research. Plaintiff's Motion will be granted.

IT IS ORDERED:

1. Plaintiff's Motion for Default Judgment (Filing No. 59) is denied;

2. Plaintiff's Motion for Extension of Time (Filing No. 66) in which to respond to Defendants' Motion for Summary Judgment (Filing No. 63) is granted, and Plaintiff shall file his response on or before November 30, 2017. Defendants may reply within the time allowed by the Local Rules.

DATED this 17th day of October, 2017.

BY THE COURT:
s/ *Richard G. Kopf*
Senior United States District Judge