IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| JOSE OLIVEIRA-COUTINHO, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | 4:15CV3159 |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM** |
| SCOTT FRAKES, Director of | ) | **AND ORDER** |
| Nebraska Dept of Correctional | ) | |
| Services, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Six days after the court denied Plaintiff's Motion for Limited Discovery (Filing No. 70), Plaintiff filed six more Motions for Limited Interrogatories and Request for Admissions (Filing Nos. 74-79). The motions request limited discovery "in order to provide the plaintiff an opportunity to adequately and meaningfully reply to Defendants' Brief In Support of Motion for Summary Judgment." (Filing No. 74.)

For the same reasons stated in the court's prior order (Filing No. 73) denying Plaintiff's previous Motion for Limited Discovery (Filing No. 70), Plaintiff's additional Motions for Limited Interrogatories and Request for Admissions (Filing Nos. 74-79) will also be denied because:

1. Plaintiff previously filed two Motions for Extensions of Time (Filing Nos. 66, 68) within which to respond to Defendants' Motion for Summary Judgment, which were granted. (Filing No. 69.) Neither of Plaintiff's prior Motions for Extension of Time asserted that Plaintiff needed additional discovery in order to respond to Defendants' Motion.

2. Plaintiff does not explain why the additional discovery he now seeks could not have been requested before discovery closed along with his

other discovery requests. (*See* Filing No. 41, Plaintiff's Motion for Discovery dated June 15, 2017, requesting numerous documents dealing with legal books available at Plaintiff's institution, availability of interpreters and translations, and dozens of administrative regulations and operational memoranda.)

3. Plaintiff has failed to show "by affidavit or declaration that, for specified reasons, [he] cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). In fact, Plaintiff has thoroughly responded to Defendants' Motion for Summary Judgment with a Reply (Filing No. 81), Objection (Filing No. 82), Affidavit (Filing No. 83), Statement of Disputed Factual Issues (Filing No. 84), and a 186-page Index of Exhibits (Filing No. 86).

Plaintiff has also filed a Motion to Disqualify Defendants' Counsel (Filing No. 72) because counsel "[t]estif[ied] about facts"—thereby making counsel a witness—when counsel filed an affidavit stating he is "competent to testify to the matters set forth herein" and he made the affidavit "upon [his] personal knowledge." (Filing No. 64-5.) The affidavit to which Plaintiff refers is an affidavit from Defendants' counsel presenting to the court a "true and correct copy" of a document contained in the court file from one of Plaintiff's cases in the Nebraska Supreme Court, *State v. Jose C. Oliveira-Coutinho* (S-13-798). The document shows that Plaintiff requested, and was granted, an extension of time from the United States Supreme Court to file a petition for a writ of certiorari in that case.

In order to file this Nebraska court record with this court, counsel was required to file an affidavit under Nebraska Civil Rule 7.1(a)(2)(C), which provides in part: "An affidavit must identify and authenticate any documents offered as evidence. The affidavit must be made on personal knowledge, set forth facts that would be admissible in evidence, show affirmatively that the affiant is competent to testify to the matters stated . . . ." See *PW Eagle, Inc. v. Schnase*, 376 F. Supp. 2d 945, 946 (D.

Neb. 2005) ("The local rules require that documents used as evidence to support or oppose a motion must be authenticated by affidavit."); Hillard v. Clarke, 245 F.R.D. 419, 420 (D. Neb. 2007) (same). Therefore, Plaintiff's motion will be denied.[1]

Finally, Plaintiff has filed an "Objection" (Filing No. 82) to Defendants' Motion for Summary Judgment (Filing No. 63). Nebraska Civil Rule 7.1(b)(1)(A) prohibits the filing of an "objection" to a motion. Rather, a party must file a "brief that concisely states the reasons for opposing the motion and cites to supporting authority." The court will treat Plaintiff's Objection as a Brief in Opposition to Defendants' Motion for Summary Judgment.

Accordingly,

IT IS ORDERED:

1. Plaintiff's Motions for Limited Interrogatories and Request for Admissions (Filing Nos. 74, 75, 76, 77, 78, 79) are denied;

---

[1] I do not address whether counsel's affidavit properly authenticates the court record because Plaintiff's only argument is that counsel is acting as a witness. Even if the court record has not been properly authenticated, this court is entitled to take judicial notice of public records. *Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) (court may take judicial notice of public records); *Stutzka v. McCarville*, 420 F.3d 757, 761 n.2 (8th Cir. 2005) (court "may take judicial notice of judicial opinions and public records"). In Nebraska, court records are public records. Neb. Op. Att'y Gen. No. 97055, 1997 WL 643407, at *3 (Oct. 16, 1997) ("records of the court . . . are subject to the Public Records Statutes"); Neb. Rev. Stat. § 84-712.01(1) (Westlaw 2018) (defining public records as "all records and documents . . . belonging to this state . . . or any agency, branch, department, board, bureau, commission, council, subunit, or committee of any of the foregoing"); Neb. Ct. R. § 1-809 (Westlaw 2018) ("Court records will be available for public access in the courthouse during regular office hours.").

2. Plaintiff's Motion to Disqualify Defendants' Counsel (Filing No. 72) is denied; and

3. The Clerk of Court is directed to terminate Plaintiff's "Objection" (Filing No. 82) as a pending motion and re-docket it as a Brief in Opposition to Defendants' Motion for Summary Judgment (Filing No. 63).

DATED this 15th day of February, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge